# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

September 15, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DEBORA L. WHITE,**
**Claimant Below, Petitioner**

**vs.)   No. 14-1293**  (BOR Appeal No. 2049584)
(Claim No. 970061234)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**WEIRTON MEDICAL CENTER, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Debora L. White, by M. Jane Glauser, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Dawn George, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 25, 2014, in which the Board affirmed a June 17, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 8, 2014, decision denying a request to add degenerative arthritis of the right ankle as a compensable component of the claim and also denying a request for authorization of a right ankle brace. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

On May 6, 1997, Ms. White sustained multiple injuries when a patient she was assisting fell on top of her. The claim was initially held compensable for a sprain/strain of the hip/thigh and was later held compensable for various injuries to Ms. White's left ankle. Ms. White eventually required multiple surgeries for the treatment of her compensable injuries.

On July 23, 2013, Anthony Watson, M.D., evaluated Ms. White amid her complaints of bilateral ankle pain. He diagnosed her with left hindfoot degenerative joint disease, secondary degenerative arthritis of the left ankle due to avascular necrosis of the talus, and overuse degenerative arthritis of the right ankle. He opined that all of Ms. White's current diagnoses are causally related to the initial work-related hip injury. He recommended bracing for both ankles to help with Ms. White's symptoms and provide stability. Dr. Watson further indicated that a right ankle brace is medically necessary and reasonably required because Ms. White's pain and arthritis in the right ankle are causing frequent falls and instability. Additionally, Dr. Watson requested that degenerative arthritis of the right ankle be added as a compensable component of the claim.

On November 18, 2013, Victoria Langa, M.D., performed an independent medical evaluation. Regarding the right ankle, she diagnosed developing degenerative joint disease/arthritis. Dr. Langa opined that the right ankle arthritis is unrelated to the May 6, 1997, injury and instead developed as part of the normal aging process. On January 8, 2014, the claims administrator denied Dr. Watson's request to add degenerative arthritis of the right ankle as a compensable component of the claim and also denied his request for authorization of a right ankle brace based upon Dr. Langa's independent medical evaluation.

In its Order affirming the January 8, 2014, claims administrator's decision, the Office of Judges held that the diagnoses of degenerative arthritis of the right ankle and the requested right ankle brace are unrelated to the May 6, 1997, injury. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated November 25, 2014. On appeal, Ms. White asserts that the evidence of record demonstrates that complications arising from her May 6, 1997, hip injury led to the development of degenerative arthritis in her right ankle.

The evidentiary record indicates that Ms. White's complaints of right ankle pain did not begin until 2013, approximately ten years following her final surgical procedure on the left ankle. After weighing the evidence, the Office of Judges concluded that Dr. Langa's opinion is the most persuasive evidence of record and relied on her conclusion that the developing arthritis in Ms. White's right ankle is unrelated to the May 6, 1997, injury. In particular, the Office of Judges relied on Dr. Langa's findings that none of the treatment relating to the right ankle arises from the May 6, 1997, injury and that it would be inappropriate to add the diagnosis of degenerative arthritis of the right ankle as a compensable component of the claim. We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   September 15, 2015**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Margaret L. Workman